# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RODNEY T. YOUNG,

    Petitioner,

    -vs-

WARDEN, Warren Correctional Institution,

    Respondent.

:

:

:

Case No. 3:13-cv-044

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This is habeas corpus case brought *pro se* by Petitioner Rodney T. Young to obtain relief from his convictions in the Montgomery County Common Pleas Court on charges of murder, felonious assault, carrying a concealed weapon, illegal possession of a firearm in a liquor permit establishment, having weapons under disability, and firearms specifications (Petition, Doc. No. 1, ¶ 5, PageID 1).

Young pleads the following grounds for relief:

> **Ground One:** Petitioner was denied the effective assistance of counsel on appeal.
>
> **Supporting facts**: Appellate counsel failed to raise ineffectiveness of trial counsel, thus denying petitioner his rights to the 6th and 14th Amendments of the U.S. Constitution, and failed to challenge the sufficiency of the State's evidence, and failed to challenge the erroneous jury instruction, and failed to raise issue regarding suppression of purported eyewitness identification.
>
> **Ground 2**: Petitioner was denied effective assistance of his trial counsel.

1

> **Supporting facts**: Trial counsel called on a witness without first interviewing him, and by calling this witness, trial counsel prejudiced the defense as this witness appeared not credible due to his conflicting testimony. Also, trial counsel failed when he did not present to the jury that there was no intent or purpose to cause harm to those who was struck by gunfire that was inadvertent.

(Petition, Doc. No. 1, PageID 5-6.)  On the Court's Order, the Warden has filed the state court record (Doc. No. 5) and a Return of Writ (Doc. No. 6).  With the filing of Young's Reply (Doc. No. 9), the case is ripe for decision.

**Procedural History**

Young was indicted by the Montgomery County Grand Jury on eighteen felony counts arising from a shooting which occurred inside a bar in Dayton on December 12, 2008.  Young was convicted on all counts and sentenced to eighty-nine years to life.  On direct appeal he raised two assignments of error:

> 1. The trial court committed reversible error in sentencing appellant individually for allied crimes of similar import that should have been merged at sentencing.
>
> 2. The trial court erred in sentencing separately for one firearm specification on murder, proximate cause and for six firearm specifications on felonious assault.

(Appellant's Brief, Doc. No. 5-1, PageID 130).  The Second District sustained part of the first assignment of error and all of the second assignment; it remanded the case for resentencing. *State v. Young*, 2011 Ohio 747, 2011 Ohio App. LEXIS 646 (2nd Dist. Feb. 18, 2011).  Young took no appeal to the Ohio Supreme Court.  He also filed no direct appeal from his re-sentencing in the Common Pleas Court.  However, in May 2011 he filed an Application to reopen his direct

appeal under Ohio R. App. P. 26(B).  The Second District denied that Application on January 4, 2012.  *State v. Young*, Case No. 23642 (2nd Dist. Jan. 4, 2012)(unreported; copy at Doc. No. 5, PageID 1372 et seq.)  It noted that the omitted assignments of error which Young believed should have been raised were (1) ineffective assistance of trial counsel for calling Gary Sumlin as a witness without first interviewing him, (2) legal insufficiency of the evidence, (3) failure to challenge the jury instruction on *mens rea*, and (4) the trial court's refusal to suppress identification.  *Id.*, PageID 1372-1375.  The Ohio Supreme Court declined to review that decision.  *Id.* at PageID 1403.

**Ground One:  Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief, Young claims he received ineffective assistance of appellate counsel when his appellate attorney failed to raise four assignments of error.  Young presented these claims to the Second District Court of Appeals in his Application to Reopen under Ohio R. App. P. 26(B).  That court decided the claims on the merits, holding:

> When seeking to reopen a direct appeal, a defendant "bears the burden of establishing that there [is] a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Hughbanks*, 101 Ohio St.3d 52, 2004-Ohio-6, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25, 1998-Ohio-704.4
>
> In his application, Young first contends his appellate counsel provided ineffective assistance by failing to argue ineffective assistance of trial counsel. In particular, Young claims his trial counsel provided ineffective assistance by calling defense witness Gary Sumlin to testify without having interviewed him.  The record reflects that Sumlin testified as an eyewitness to a shooting that occurred inside a bar. On direct examination, Sumlin identified someone other than Young as the shooter. On cross-examination, however, Sumlin admitted having told police that he

did not see who fired the gun and, alternatively, that two different people had done the shooting. In rebuttal, the State called a detective who testified that Sumlin told him Young was the only shooter.

Young argues that his trial counsel provided ineffective assistance by calling Sumlin as a witness without first interviewing him to find out what he would say. Young asserts that Sumlin's testimony lacked credibility and harmed his defense. As a result, he contends his appellate counsel provided ineffective assistance by failing to raise defense counsel's deficient representation as an issue on appeal.

Upon review, we see no grounds for reopening the appeal based on defense counsel calling Sumlin as a witness. The record reflects that defense counsel had arranged a pre-trial interview with Sumlin, who failed to keep the appointment. The record further indicates that Young himself wanted Sumlin to testify despite the lack of an interview with defense counsel. We note, too, that defense counsel attempted to defuse Sumlin's credibility problem by allowing him to explain his multiple stories to the police. Finally, the record reflects that other defense witnesses testified that Young did not shoot a gun inside the bar. Given that the jury disbelieved these witnesses, we see no likelihood that the outcome would have been different if Sumlin had not testified.

Young also alleges ineffective assistance of appellate counsel based on counsel's failure to challenge the legal sufficiency of the State's evidence. This argument concerns Young's felonious assault convictions for shooting and wounding three victims. In support of his argument, Young notes that the victims did not testify at trial. Therefore, he reasons that the State failed to provide legally sufficient evidence to support the felonious assault convictions. As the state properly notes, however, other witnesses testified about Young firing a gun inside the bar and about the wounds suffered by the victims. Testimony from the victims themselves was not required for the State to obtain convictions.

Young next alleges ineffective assistance of appellate counsel based on counsel's failure to challenge the jury instructions. Specifically, Young contends the jury instructions misstated the culpable mental state for murder as "knowingly" rather than "purposefully." This argument lacks merit. Young was convicted of felony murder under R.C. 2903.02(B), not purposeful murder under R.C. 2903.02(A). Therefore, the trial court was not required to instruct the jury about a "purposeful" mental state.

> Finally, in his motion for leave to amend his application for reopening, Young seeks to add a claim of ineffective assistance of appellate counsel "for failure to raise suppression of identification." Young contends he was identified in photo arrays only because his face had been "placed all over the news for months on top of months[.]" This argument lacks any potential merit, however, because police began showing witnesses photo spreads the morning after the shooting, not months later.

*State v. Young*, Case No. 23642 (2nd Dist. Jan. 4, 2012)(unreported; copy at Doc. No. 5, PageID 1372-75).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). In deciding Young's claim of ineffective assistance of appellate counsel, the Second District applied Ohio cases which embody the federal standard enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). Young has failed to show that the Second District's decision was an objectively unreasonable application of *Strickland*.

Young argues first that it was ineffective assistance of trial counsel to fail to interview Sumlin before trial and ineffective assistance of appellate counsel to fail to make this an assignment of error on appeal. As the Second District found, Sumlin was an eyewitness to the shooting and his testimony on direct examination was that Young was not the shooter. On cross, the prosecutor was able to get Sumlin to admit conflicting prior statements. Sumlin's consequent lack of credibility is alleged to have hurt the defense. However, as the Second District pointed out, trial counsel had arranged an interview with Sumlin who failed to keep the appointment. In

5

addition, Young wanted Sumlin to testify and defense counsel was successful in getting Sumlin to explain his different stories, albeit not convincingly (PageID 1373-1374).

There was no ineffective assistance of trial counsel here. A defense attorney can hardly be blamed for calling an eyewitness requested by his client who testifies the client was not the shooter. Young has in any event failed to demonstrate prejudice: there is no evidence that, if Sumlin had shown for the scheduled interview, that defense counsel would have been able to elicit from him the conflicting testimony he eventually gave. Without knowing in advance how successful the prosecutor would be on cross, any defense counsel who failed to call Sumlin would have been ineffective.

Young makes no other arguments in his Reply which attempt to show the Second District's decision was an objectively unreasonable application of *Strickland*. In fact, he does not address any of the other omitted assignments of error (See Reply, Doc. No. 9, PageID 2738-2740).

The First Ground for Relief is without merit and should be dismissed with prejudice.

**Ground Two:  Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Young reiterates his claim regarding the calling of Gary Sumlin as a witness for the defense. He also alleges trial counsel was ineffective when he did not argue to the jury that there was no intent to harm those struck by the gunfire.

The Warden asserts Ground Two is procedurally defaulted because it was never presented to the Ohio courts. Young makes no response to this defense in his Reply and it is well-taken. A federal habeas petitioner cannot obtain a ruling on the merits of a constitutional

claim which he has completely failed to present to the state courts. Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), *quoting O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47 (1999).

Alternatively, Ground Two is without merit. The first sub-claim relating to calling Gary Sumlin as a defense witness is dealt with under Ground One. The second sub-claim is also dealt with inferentially by the Second District's decision on the 26(B) Application where it held it was not ineffective assistance of appellate counsel to fail to object to the jury instruction which told the jury that the required mental state was that Young acted knowingly rather than purposefully. As the court noted, Young was convicted of felony murder – murder as the result of committing another felony, in this case, felonious assault – in violation of Ohio Revised Code § 2903.02(B), which does not require that the offender have acted purposefully.

Young comments in his Reply regarding this Ground for Relief that "many courts appear to be ignoring the meaning of insufficiency of evidence. In Petitioner's case, there isno real evidence proving Petitioner was the shooter." (Reply, Doc. No. 9, PageID 2740.) On direct appeal, the court of appeals found the evidence showed that Young fired "multiple gunshots

7

inside a bar. The shots struck six people, killing one of them." *State v. Young*, 2011 Ohio 747, ¶ 40, 2011 Ohio App. LEXIS 646 (2nd Dist. Feb. 18, 2011). Federal habeas courts are bound by findings of fact of the state courts unless the petitioner demonstrates by clear and convincing evidence that the factual conclusion is unreasonable, which Young has not done.

The Second Ground for Relief should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

September 30, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).